# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2021

Lyle W. Cayce
Clerk

No. 20-70023

Juan Jose Reynoso,

*Petitioner*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent*.

Application for a Certificate of Appealability
from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2103

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

A Texas jury convicted Juan Reynoso in 2004 of murdering Tonya Riedel and sentenced him to death. Reynoso claims his counsel rendered ineffective assistance during the punishment phase by doing too little to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-70023

prepare mitigation witnesses. The district court, finding the claim both procedurally barred and meritless, denied Reynoso a certificate of appealability (COA). We also agree that Reynoso's constitutional claim is meritless and so deny him a COA.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

An ineffective assistance of counsel claim requires a petitioner to show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires showing "that but for his counsel's deficiency, there is a reasonable probability [petitioner] would have received a different sentence." *Porter v. McCollum*, 558 U.S. 30, 41 (2009).

Reynoso fails to make a substantial showing on at least the second *Strickland* prong, *i.e.*, that trial counsel's performance prejudiced his case for a life sentence. He claims that in preparing his mitigation case, his attorneys began too late, relied on an investigator to interview witnesses, and took the

---

[1] Reynoso procedurally defaulted his ineffective assistance claim by failing to raise it in his original state habeas proceeding. Rather than untangling whether he can overcome this default because of the alleged ineffectiveness of his state habeas counsel—*see Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Trevino v. Thaler*, 569 U.S. 413, 421–23 (2013)—we "cut to the core of the case" and deny COA based on his failure to show a substantial constitutional claim. *King v. Davis*, 883 F.3d 577, 585 (5th Cir. 2018); *see also Murphy v. Davis*, 901 F.3d 578, 589 n.4 (5th Cir. 2018) ("[I]nstead of deciding if [petitioner] can overcome his procedural default . . . we will cut straight to the merits to deny his claim"); *Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues.").

witnesses' testimony in court based only on the investigator's notes. With more thorough preparation, Reynoso argues the witnesses' testimony could have been more powerful and persuaded the jury to spare him the death penalty. But we have a rejected a similar claim before, in a case where counsel delegated pre-testimony witness interviews to an investigator, and the petitioner argued that "these witnesses would have been 'more effective' if they had been better prepared." *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007). We held this did "not come close to suggesting that but for counsel's errors, the result of the proceeding would have been different." *Ibid.* (internal quotation marks omitted). Likewise, by arguing better preparation might have elicited "qualitatively greater" mitigation testimony, Reynoso also fails to make a substantial showing of prejudice.

Furthermore, the "new evidence" Reynoso claims counsel ought to have elicited from mitigation witnesses is cumulative and double-edged. Almost all this evidence—such as his mother's abandonment of the family and his subsequent substance abuse, depression, and self-harm—concerns aspects of Reynoso's history to which thirteen mitigation witnesses, including Reynoso himself, testified at trial. Failure to present more of the same evidence cannot support a finding of prejudice. *See Bobby v. Van Hook*, 558 U.S. 4, 12 (2009) (finding no prejudice where "[o]nly two witnesses even arguably would have added new, relevant information"); *Wong v. Belmontes*, 558 U.S. 15, 22–23 (2009) (after nine witnesses offered a range of evidence to "humanize" the defendant, "[a]dditional evidence on these points would have offered an insignificant benefit, if any at all"). Likewise, the proffered new evidence that trauma caused Reynoso to suffer "extreme reactivity to perceived threat" is too double-edged to show prejudice. Although this evidence "might permit an inference that he is not as morally culpable for his behavior, it also might suggest [Reynoso], as a product of his environment, is

likely to continue to be dangerous in the future." *Ladd v. Cockrell*, 311 F.3d 349, 360 (5th Cir. 2002).

Finally, the new evidence does not change the fact that Reynoso's mitigation evidence is dwarfed by the State's aggravation case. A prejudice analysis must "consider the totality of the available mitigation evidence— both that adduced at trial, and the evidence adduced in the habeas proceeding—and reweigh it against the evidence in aggravation." *Porter*, 558 U.S. at 41 (cleaned up). During the punishment phase, the State presented extensive aggravating evidence: Reynoso's string of armed robberies (including one in which he shot his victim in both legs) in the weeks before the murder; prior convictions for burglary of a vehicle, drug possession, and contempt of court; numerous juvenile offenses; his attempted shooting of a fellow marijuana dealer over a drug debt, days after the murder; and his remorseless "bragging" about the murder in its aftermath. The brutality of the murder—shooting a homeless woman point-blank after she resisted Reynoso's demands for money—was offered as an additional aggravator. Reynoso has made no substantial argument that his new mitigation evidence could have altered the balance against this aggravation case.

Motion for COA DENIED.